**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANDY SPRINGS; CITY OF SMYRNA; OFFICER BRIAN CRISP; "OFFICER 2,"; ASPIRE HOSPITALITY, LLC; AURO HOTELS GROUP; HILTON WORLDWIDE HOLDINGS, INC.; HILTON DOMESTIC OPERATING CO., INC.<br><br>    Defendants. | CIVIL ACTION FILE<br>NO: 1:26-CV- 0372-AT |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendants City of Sandy Springs ("Sandy Springs") and Officer Brian Crisp ("Officer Crisp"), (collectively "these defendants") and file this memorandum of law in support of their motion to dismiss Jane Doe's ("plaintiff") amended complaint with prejudice.

### I.    INTRODUCTION

Plaintiff alleges on **June 26, 2023**, she was wrongfully arrested by Officer Brian Crisp for overstaying her reservation at a Home2Suites by Hilton hotel in Sandy Springs, Georgia. (Doc. 1-1, ¶¶ 11, 29, 51, 54). Plaintiff claims her handcuffs

were excessively tight and placed in the back of a squad car with no air conditioning. (*Id.*, ¶¶ 55, 57). After telling the officers, "her life and health were at severe risk given her severe medical conditions," she was brought to the emergency room. (*Id.*, ¶¶ 60–64). After discharge, Officer Crisp and Officer Two allegedly "forced Plaintiff up from the curb and slammed her against the side of the patrol vehicle." (*Id.*, ¶¶ 65, 74). She was then booked into the Smyrna Jail and released on June 28. (*Id.*, ¶¶ 77, 117–18).

Plaintiff then filed her first complaint on **June 26, 2025**. (Doc. 1, ¶ 1). Plaintiff filed her amended complaint on **December 22, 2025** and served Sandy Springs that same day. (Doc. 1-1; Doc. 1-3, p. 108). On information and belief, Officer Crisp has yet to be served.

Plaintiff brings a Section 1983 claim for false arrest, excessive force, deprivation of due process, and deliberate indifference to medical needs. (Doc. 1-1, ¶¶ 158–170, 176–186). Plaintiff also brings claims for violations of the Americans with Disabilities Acts Title II and III. (*Id.*, ¶¶ 139–143, 187–190). And state law claims for breach of contract, violation of Georgia Innkeeper Law, defamation, conversion, false arrest, malicious prosecution, intentional infliction of emotional distress, and battery. (*Id.*, ¶¶ 132–138, 144–149, 150–157, 171–175). Plaintiff is seeking $500,000 in compensatory damages and punitive damages as well as attorney's fees, litigation costs, and equitable relief. (*Id.*, p. 44).

Plaintiff's claim must be dismissed because her claim is barred by the two-year statute of limitations for failure to exercise due diligence in the service of these defendants.

## II.

## ARGUMENT AND CITATION OF AUTHORITIES

**A.  Plaintiff's Claim Is Barred By The Statute Of Limitations**

Plaintiff's claims are governed by the state statute of limitations for personal injury actions. *See, e.g., Owens v. Okure*, 488 U.S. 235, 240 (1989); *Salas v. Pierce*, 297 F. App'x 874, 879 (11th Cir. 2008); *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). In Georgia, there is a two-year statute of limitations for personal injury actions. *See* O.C.G.A. § 9-3-33; *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006).

When a plaintiff files a complaint, O.C.G.A. § 9-11-4(c) provides a five-day safe harbor to perfect service. If service is perfected outside of the five-day safe harbor and the statute of limitations period expires, the plaintiff bears the burden to show they "acted reasonably and diligently" in attempting to serve the defendant as quickly as possible, and that they are not at fault for the delay. *Farahi v. Jordan*, 238 Ga. App. 63, 64 (1999); *Van Omen v. Lopresti*, 357 Ga. App. 9, 10-11 (2020) ("[w]here a complaint is filed near the statute of limitations and service is made after the statute expires and after the five-day safe harbor provision contained within

O.C.G.A. 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service") (citation omitted). "Only if the plaintiff exercised reasonably diligence to perfect service, could the eventual service of process toll the running of the statute of limitations." *Varricchio v. Johnson*, 188 Ga. App. 144, 145 (1988).

Plaintiff cannot make that showing here. Sandy Springs was not served until December 22, 2025—six months after her claim expired. (Doc. 1-3, p. 108). Sandy Springs is a municipal entity with a readily identifiable address. City Hall is located at 1 Galambos Way, Sandy Springs, Georgia. This address and its regular business hours can be found in under a minute through a simple Google search. Plaintiff's ability to file and serve an amended complaint the very same day underscores that Sandy Springs's address was readily obtainable all along. It also confirms that Plaintiff freely chose to sit on her original complaint for nearly six months after the claim expired. Plaintiff waited nearly six months to serve it with a copy of the complaint. Plaintiff can point to no barriers which may have made service difficult. This delay was solely due to plaintiff's neglect to act.

Plaintiff did not act with the diligence the law demands. Service therefore does not relate back and her claims are barred by the statute of limitations. Accordingly, this Court should dismiss with prejudice all claims asserted against Sandy Springs.

**B.    This Court Lacks Personal Jurisdiction Over Officer Crisp Because He Has Not Been Served With Process**

Under both Federal and Georgia law, service of process upon an individual may be effected by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e); O.C.G.A. § 9-11-4(e)(7). "Proper service of process is a jurisdictional prerequisite." *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Here, plaintiff has not served Officer Crisp with process. Therefore, the Court should dismiss plaintiff's complaint against him as he has not been served with process. Moreover, even if plaintiff had served Officer Crisp, plaintiff's claims would be barred by the two-year statute of limitations for failure to exercise diligence in perfecting service.

### III. CONCLUSION

For the foregoing reasons, defendants ask the Court to grant this motion and to dismiss the amended complaint with prejudice.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Walker D. Thomas*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Walker D. Thomas
Georgia Bar No. 514375
walker.thomas@fmglaw.com

*Attorneys for Defendants*
*City of Sandy Springs and Office Brian Crisp*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## **CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 28th day of January, 2026.

                                 **FREEMAN MATHIS & GARY, LLP**

                                 /s/ *Walker D. Thomas*
                                 Sun S. Choy
                                 Georgia Bar No. 025148
                                 schoy@fmglaw.com
                                 Walker D. Thomas
                                 Georgia Bar No. 514375
                                 walker.thomas@fmglaw.com

100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to the Clerk of Court using the CM/ECF system and via email to plaintiff at:

Jane Doe
375 Ralph McGill Blvd.
Apt 903
Atlanta, GA 30312

Alex Joseph
GRAY, RUST, MOFFETT & BRIESKE, LLP
950 E Paces Ferry Rd, NE
Suite 1700
Atlanta, GA 30326

*Counsel for City of Smyrna*

Megan E. Harsh
Sean W. Martin
CARR ALLISON
125 Townpark Dr.
Suite 300
Kennesaw, GA 30144

*Counsel for Aspire Hospitality LLC, Auro Hotels Group, Hilton Worldwide Holdings, Inc, and Hilton Domestic Operations Co. Inc.*

This 28th day of January, 2026.

**FREEMAN MATHIS & GARY, LLP**

                /s/ *Walker D. Thomas*
                Sun S. Choy
                Georgia Bar No. 025148
                schoy@fmglaw.com
                Walker D. Thomas
                Georgia Bar No. 514375
                walker.thomas@fmglaw.com

                *Attorneys for Defendants*
                *City of Sandy Springs and Office Brian*
100 Galleria Parkway       *Crisp*
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)